JUDGE BATTS

'09 CIV 00766

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X
)
BURGER'S BAR I.I.D.                             )
                                                )    Civil Action No.
            Plaintiff,                          )
                                                )    **COMPLAINT FOR**
                                                )    **TRADEMARK INFRINGEMENT**
        v.                                      )
                                                )
BURGERS BAR FIVE TOWNS LLC and                  )
MITCHELL KREVAT                                 )    (JURY TRIAL DEMANDED)
                                                )
            Defendant (s).                      )
------------------------------------------------X

RECEIVED
JAN 27 2009
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, Burger's Bar I.I.D. ("B.B. Israel"), brings this complaint against Burgers Bar Five Towns LLC ("Five Towns") and Mitchell Krevat ("Krevat") and alleging as follows:

## PARTIES

    1.    B.B. Israel is a corporation duly organized and existing under the laws of the state of Israel, having a principal place of business at Jerusalem, Israel.

    2.    Upon information and belief, Five Towns is a corporation incorporated under the laws of the state of New York, having a principal place of business at Cedarhurst, New York in the County of Nassua. Five Towns operates a kosher hamburger restaurant in New York under the infringing name of "BURGERS BAR" - which is the name of B.B. Israel's chain.

    3.    Upon information and belief, MITCHELL KREVAT is the owner and manager of Five Towns.

## JURISDICTION AND VENUE

4. This is an action for unfair competition under the Lanham Act, 15 U.S.C. § 1125, and the laws of the State of New York.

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6. This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1332 and New York state common law. The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. There is complete diversity between B.B. Israel and Five Towns and Krevat.

7. This Court has personal jurisdiction over Five Towns and Krevat as they have undertaken significant commercial activity in New York, regularly transact business in New York, maintain a place of business in New York, and the acts of Five Towns and Krevat that constitute the following claims, including, without limitation, the sale, offer for sale, and promotion of the infringing goods have been and continue to be committed, and cause harm to B.B. Israel in this judicial district. Accordingly, personal jurisdiction exists over Five Towns and Krevat in this state pursuant to New York Civil Practice Law and Rules §§ 301 and 302.

8. Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTS

### THE BURGERS BAR TRADEMARK

9. B.B. Israel adopted, used, and continues to use the distinctive trademark BURGERS BAR in connection and promotion and sale of B.B. Israel's products.

10. B.B. Israel operates and runs a kosher food restaurant chain in Israel and has done so since 1999 under the well known "BURGERS BAR" trademark.

11. The BURGERS BAR trademark was first filed in the United States on May 4, 2007 (reg. no. 77/173422; the "BURGERS BAR Registration") for "Restaurant services." ("the Services").

12. B.B. Israel first began manufacturing and selling the hamburgers, and related food items, and providing the Services (collectively "the Goods") in Israel under the trade name BURGERS BAR in 1999, and today B.B. Israel's chain includes approximately 25 branches in Jerusalem and Tel Aviv.

13. For the past 10 years, B.B. Israel has invested heavily in branding, advertising, marketing, and otherwise developing the reputation and goodwill of the BURGERS BAR brand for the Goods.

14. B.B. Israel's restaurants are meticulously designed in a unique and special format and provide quality and kosher food for their customers made from quality raw materials with strict adherence to a high standard of service.

15. Today, B.B. Israel continues to manufacture, distribute, and provide the Goods under the BURGERS BAR brand.

16. B.B. Israel continues to is invest substantial resources in marketing and advertising its chain of restaurants.

17. The BURGERS BAR brand is widely recognized in connection with the Goods in both Israel and the United States, and the BURGERS BAR Goods are sold in Israel and the United States.

## B.B. ISRAEL PRODUCTS IN THE UNITED STATES

18. B.B. Israel first began selling the Goods under the BURGERS BAR brand in the United States in 2005.

3

19. Since 2005, B.B. Israel has continuously and exclusively invested a great amount of time, effort, and money in promoting and advertising the Goods sold under the BURGERS BAR trademark, and developing goodwill associated with the BURGERS BAR trademark in the United States.

20. In view of the success of B.B. Israel in Israel, and in view of B.B. Israel's aforementioned intentions for an expansion of its activity overseas, in 2005 the first restaurant of the BURGERS BAR chain was opened in Brooklyn, New York ("Brooklyn Branch").

21. The Brooklyn Branch was operated by means of authorization from B.B. Israel to Mr. Eldad Ella, an Israeli citizen.

22. In order to open and operate the Brooklyn Branch, it was required to take a variety of steps including: to conform to B.B. Israel's strict quality control requirements; design the restaurant in the chain's uniform and special format; to use the BURGERS BAR trademark in its design form; to use B.B. Israel's standard menu; to work with suppliers approved by B.B. Israel.

23. For the past number of years, B.B. Israel has provided its BURGERS BAR brand products at the Brooklyn Branch.

24. Based on this long use of the BURGERS BAR mark, the BURGERS BAR name has become well-known in Israel, and in the Jewish and Israeli communities throughout the United States, and has come to be associated with kosher restaurants, and hamburgers in particular.

25. Since at least as early as 2005, B.B. Israel has continuously and exclusively invested a great amount of time, effort, and money in promoting and advertising the goods sold

under the BURGERS BAR trademark, and developing goodwill associated with the BURGERS BAR trademark in the United States.

26. B.B. Israel's goodwill in the BURGERS BAR trademark in the United States has become an asset of substantial value.

27. As a result of B.B. Israel's continuous and exclusive use of the BURGERS BAR mark with kosher hamburgers, the purchasing public has come to associate B.B. Israel as the source and sponsor of BURGERS BAR kosher restaurants.

### DEFENDANTS' INFRINGEMENT AND UNFAIR COMPETITION

28. During 2007, B.B. Israel became aware of unauthorized use in the United States of the BURGERS BAR mark in connection with hamburger restaurant operated by the Defendants.

29. B.B. Israel discovered to its surprise that Eldad Ella and the defendants entered into an agreement ("the Agreement").

30. Upon information and belief, the Agreement signed, during November 2006, said that Eldad Ella through a company called Burgers Holding Inc., had granted a license for operation of the branch in Long Island, to the Defendants, this being without the knowledge of and/or the consent of B.B. Israel.

31. Eldad Ella entered into the Agreement without receiving Plaintiff's authorization, and entering into the Agreement was contrary to the wishes of the Plaintiffs. The Plaintiffs have never given Eldad Ella their consent to enter the Agreement.

32. To B.B. Israel's amazement, the Agreement signed between Eldad Ella and the Defendants also included (apart from the illegal licensing of the use of the BURGERS BAR trademark), a right of first refusal to the Defendants for the opening of additional branches in the

United States. All this was done without attempting or obtaining the Plaintiffs' authorization or consent.

33. Eldad Ella, in concert with the Defendants, attempted to invest himself with B.B. Israel's property rights by registering B.B. Israel's well-known BURGERS BAR trademarks in his name in the United States, which became registration number 77/173422.

34. The wrongful and unauthorized registration of B.B. Israel's well-known trademark was carried out in concert with the Defendants and all with the object of attempting to dispossess B.B. Israel of its property rights.

35. Upon discovery of these unauthorized activities, Eldad Ella made a full admission of the breaches that had been committed, and signed an agreement for transfer of the ownership of the BURGERS BAR trademark into the name of its lawful owners, B.B. Israel. Accordingly, on January 23, 2008 the trademark in the USA was transferred into the name of B.B. Israel.

36. Upon information and belief, Defendant MITCHELL KREVAT visited Israel in 2006 to investigate the B.B. Israel's chain of restaurants. As part of his visit, MITCHELL KREVAT visited branches of the chain, and the purpose of his visit was, upon information and belief, to gather commercial information about the B.B. Israel's chain and the process of updating the brand which the chain was undergoing during that period.

37. Despite the Plaintiffs ownership and well-known use of the BURGERS BAR trademark, the Defendants never contacted B.B. Israel to request and obtain their consent to the use of the name of B.B. Israel's chain and to the contract with their licensee.

38. Any contract signed by Eldad Ella regarding the BURGERS BAR trademark is void ab initio.

6

39. Upon information and belief, the Defendants knew or should have known that Eldad Ella was not the licensor and/or owner of the B.B. Israel's registered mark, and that he was not legally able to enter into a license agreement on the Plaintiff's behalf.

40. Upon information and belief, the Defendants are in the business of offering for sale and selling hamburgers under the BURGERS BAR trademark.

41. Upon information and belief, the Defendants' use of "BURGERS BAR" is identical to B.B. Israel's use of the trademark, and both marks are used in conjunction with restaurants and in particular, hamburger restaurants.

42. Upon information belief, B.B. Israel and the Defendants are engaged in the business of selling the same type of goods and services to the same class of customers, through the same channels of trade.

43. Upon information and belief, the Defendants knowingly use the BURGERS BAR trademark and other indicia without authorization or license from B.B. Israel.

44. Upon information and belief, Defendants's use of B.B. Israel's BURGERS BAR trademark and other indicia is likely cause confusion amongst consumers.

45. Upon information and belief, the Defendants' use of the term "BURGERS BAR" is confusingly similar to, and therefore infringes, B.B. Israel's BURGERS BAR common law trademark rights and its Federal Trademark Registration.

46. B.B. Israel's use of the BURGERS BAR trademark in interstate commerce began prior to the acts of the Defendants complained of in this Complaint, and the B.B. Israel BURGERS BAR trademark is currently in such use.

47. B.B. Israel's use of the BURGERS BAR trademark has been open, notorious, and continuous since the date of first use, a time prior to any of the acts of the Defendants complained of here in this Complaint.

48. B.B. Israel, by meetings and telephone conversations that took place between the B.B. Israel and MITCHELL KREVAT, demanded that the Defendants cease unauthorized use of the BURGERS BAR mark in connection with restaurants. However, the Defendants refused to act accordingly.

49. Upon information and belief, Five Towns continues its unauthorized use of the BURGERS BAR trademark.

## FIRST CLAIM FOR RELIEF
## LANHAM ACT VIOLATION – UNFAIR COMPETITION

50. B.B. Israel repeats and realleges each of the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. The Defendants' use of the BURGERS BAR mark constitutes a false designation of origin, description or representation, which is likely to cause confusion, mistake or to deceive as to origin, affiliation, connection, sponsorship or association of the Defendants with B.B. Israel, or as to the origin sponsorship or approval of the Defendants' use of the BURGERS BAR trademark, in violation of § 43(a) of the Lanham Act, and 15 U.S.C. § 1125(a).

52. Upon information and belief, the Defendants have acted knowingly, willfully, and maliciously, with the intent to injure B.B. Israel by engaging in the conduct described herein.

53. The Defendants' actions demonstrate a willful and conscious disregard of B.B. Israel's rights, thereby justifying an award of punitive damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## LANHAM ACT VIOLATION - TRADEMARK INFRINGEMENT

54. B.B. Israel repeats and realleges each of the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. Through their acts alleged herein, the Defendants have infringed, and continue to infringe the BURGERS BAR trademark in violation of § 43(a) of the Lanham Act, and 15 U.S.C. § 1125(a).

56. The Defendants' infringing activities have caused and are likely to continue to cause confusion, mistake, and deception among the consuming public and trade as to whether the Defendants' products and services bearing the BURGERS BAR trademark, originate from, or are affiliated with, sponsored by, or endorsed by B.B. Israel.

57. The Defendants' infringing activities are without B.B. Israel's consent and have caused and are likely to continue to cause severe damage to B.B. Israel.

58. Upon information and belief, the Defendants have been and/or are using the BURGERS BAR trademark with full knowledge of and/or willful disregard for B.B. Israel's exclusive rights in the BURGERS BAR trademark.

59. Upon information and belief, Five Towns conduct is intentionally willful, fraudulent, and malicious, and is undertaken with an intent to reap the benefits of B.B. Israel's goodwill represented by B.B. Israel's BURGERS BAR trademark.

60. The Defendants have irreparably damaged and will continue to irreparably damage B.B. Israel, and B.B. Israel has no adequate remedy at law. B.B. Israel's injury is, in part, intangible in nature and therefore incapable of being fully measured or valued in terms of monetary damages. The full nature and extent of said monetary damages attributable to the Defendants' conduct will be presented at trial.

61. The Defendants' actions demonstrate a willful and conscious disregard of B.B. Israel's rights, thereby justifying an award of punitive damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

62. B.B. Israel repeats and realleges each of the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63. The acts of the Defendants infringe B.B. Israel's rights in the BURGERS BAR trademark, and constitute trademark infringement in violation of the common law of the State of New York.

64. The Defendants' use of B.B. Israel's trademark is likely to cause consumers, the public, and the trade to purchase products and services from the Defendants, believing that B.B. Israel is the source of these goods and services, and/or that there is an association between the Defendants and B.B. Israel, and/or that the products offered by the Defendants were sponsored or authorized by B.B. Israel.

65. The Defendants misappropriated the BURGERS BAR trademark, and took advantage and made use of B.B. Israel's efforts and good will, and have otherwise unfairly competed with B.B. Israel in violation of the common law of the State of New York.

66. The Defendants' actions have irreparably harmed B.B. Israel's reputation and damaged B.B. Israel's goodwill.

67. The Defendants' unlawful actions have interfered and/or will certainly interfere with B.B. Israel's sales, have or will unfairly divert sales to the Defendants, and have caused, or will certainly cause B.B. Israel monetary damage.

68. Upon information and belief, the Defendants acted willfully, knowingly, and maliciously to injure B.B. Israel by infringing and misappropriating the BURGERS BAR trademark in the conduct herein described.

69. B.B. Israel has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

70. B.B. Israel repeats and realleges each of the allegations contained in paragraphs 1 through 69 as if fully set forth herein.

71. Through the acts described herein, the Defendants have used an unauthorized reproduction, counterfeit copy, or colorable imitation of B.B. Israel's BURGERS BAR trademark in connection with the sale, offering for sale, distribution and advertising of its hamburgers, and restaurant services and such use is likely to cause confusion, mistake and deception among the consuming public in violation of New York State common law.

72. The Defendants have infringed B.B. Israel's BURGERS BAR trademark and continue to do so, by manufacturing, marketing and selling hamburgers, and providing restaurant services in conjunction with the BURGERS BAR trademark.

73. B.B. Israel has been damaged by the Defendants' willful infringement.

74. B.B. Israel is entitled to an award of its reasonable attorney's fees and costs as a result of the Defendants' willful infringement.

75. B.B. Israel has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, B.B. Israel demands judgment against the Defendants as follows:

A. That the Defendants' conduct constitutes willful trademark infringement and unfair competition under the statutory and common law of the State of New York;

B.     That the Defendants have infringed B.B. Israel's United States trademark reg. no. 77/173422 and competed unfairly as set forth in this Complaint, in violation of B.B. Israel's rights under the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c);

C.     That the Defendants and their agents, officers, directors, servants, employees, successors and assigns, and all other parties in active concert or participation with the Defendants be preliminarily and permanently enjoined from directly or indirectly:

    i.  Using the BURGERS BAR trademark, or any other logo, design, artwork, or trademark that are similar to or are colorable imitations of the BURGERS BAR trademark as used in commerce and as claimed in the BURGERS BAR Registration;

    ii.  Holding themselves as or otherwise representing themselves to be the owners of, or otherwise authorized to use the BURGERS BAR trademark;

    iii.  Performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake, or to deceive, or to otherwise mislead the trade or public into believing that the BURGERS BAR trademark and the Defendants are related or connected, or that the Defendants are a sponsor of B.B. Israel, or that the Defendants and B.B. Israel are in any manner affiliated or associated, or under the supervision or control of each other, or that B.B. Israel's BURGERS BAR goods or services originate from the Defendants, or are otherwise manufactured, offered for sale or sold with the approval, consent, authorization, or under the supervision of the Defendants, to engage in any other activity that may lead the trade or public to associate the Defendants with B.B. Israel;

    iv. Using any words, names, styles, titles, or marks, either individually or otherwise, that create a likelihood of injury to the business reputation of B.B. Israel; and

    v. Engaging in any other practices that will tend to unfairly compete with or injure B.B. Israel's business and the goodwill appurtenant thereto;

D.    That the Defendants be required to deliver for destruction, all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, and other written, printed, or electronic materials that bear the infringing BURGERS BAR trademark;

E.    That B.B. Israel recover the Defendants' profits and the damages arising from the Defendants' acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117(a);

F.    That the Court award treble damages pursuant to 15 U.S.C. § 1117(a);

G.    That B.B. Israel recover pre-judgment and post-judgment interest on each and every award;

H.    That B.B. Israel recover its reasonable attorneys fees incurred in this action pursuant to 15 U.S.C. § 1117(a); and

I.    That B.B. Israel have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

B.B. Israel respectfully requests a trial by jury as to all issues so triable.

Dated: New York, New York
January 27, 2009

Respectfully Submitted,

PEARL COHEN ZEDEK LATZER, LLP

By: _____
Lee A. Goldberg (LG-9423)
Nathaniel B. Buchek (NB-0246)
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646) 878-0800
Fax: (646) 878-0801
*Attorneys for Plaintiff Burgers Bar I.I.D.*